

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:99-CR-257-G |
| MARGIE ANN JOE,<br>Defendant, | §<br>§<br>§<br>§ | |
| and | §<br>§ | |
| SSI CLAIMSNET, LLC,<br>Garnishee. | §<br>§<br>§ | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), Defendant Margie Ann Joe's ("Defendant") Claim for Exemptions, Request for Hearing, and/or Request for Transfer [D.E. 51] ("Claim for Exemptions") has been referred to United States Magistrate Judge Paul D. Stickney for hearing, if necessary, and recommendation. *See* Order of Reference [D.E. 52]. The undersigned held a hearing on this matter on June 2, 2014. For the reasons stated below, Defendant's Claim for Exemptions [D.E. 51] should be DENIED.

### Background

On July 21, 1999, Defendant pleaded guilty to aiding and abetting embezzlement by a bank employee in violation of 18 U.S.C. §§ 656 and 2. *See* Am. J. [D.E. 37 at 1]. Defendant was sentenced to 15 months imprisonment and ordered to pay a total of $394,718.89 in restitution pursuant to the Mandatory Victim Restitution Act of 1996, 18 U.S.C. §§ 3663A-3664. *See id.* [D.E. 37 at 2, 4-5]. Defendant was ordered to make restitution payments through monthly installments of

at least $200.00 to commence during Defendant's incarceration. *See id.* [D.E. 37 at 4]. On February 26, 2014, the United States filed an *Ex Parte* Application for Writ of Garnishment seeking to garnish Defendant's non-exempt disposable earnings to satisfy the remaining debt balance of $269,975.19. *See* Appl. [D.E. 42 at 2]. On April 24, 2014, the Court issued its Order for the issuance of a writ of garnishment to garnishee SSI Claimsnet, LLC ("SSI Claimsnet"). *See* Order [D.E. 46]. SSI Claimsnet filed its answer on May 14, 2014 indicating that $300.94 will be withheld from Defendant's bi-weekly pay. *See* Answer [D.E. 50 at 2]. On that same day, Defendant filed her Claim for Exemptions on the ground that the property SSI Claimsnet is withholding is exempt property under 26 U.S.C. §§ 6334(a)(1), 6334(a)(2) and (g). *See* Claim for Exemptions [D.E. 51 at 1]. On May 21, 2014, the United States filed its response contending that Defendant has not made a voluntary restitution payment since 2005 and that the statutes Defendant cites are inapplicable to the garnishment at issue because they pertain to exemptions for wearing apparel, school books, fuel, provisions, furniture, and personal effects whereas the government seized 25% of Defendant's non-exempt disposable earnings pursuant to 28 U.S.C. § 3205(a), 18 U.S.C. § 3613(a), and 15 U.S.C. §§ 1672-73. *See* Resp. [D.E. 53 at 1-3].

## Analysis

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f). One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205. This statute provides, in pertinent part:

A court may issue a writ of garnishment against property (including nonexempt

disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

28 U.S.C. § 3205(a). Pursuant to 15 U.S.C. § 1673, the government may garnish the lesser of 25% of Defendant's weekly disposable earnings or "the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable." *See* 15 U.S.C. § 1673(a)(1) & (2). 15 U.S.C. §1672 defines earnings as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program" and defines disposable earnings as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." *See* 15 U.S.C. 1672(a) & (b).

Property exempt from garnishment includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a)(1). Here, Defendant contends that the $300.94 in earnings withheld by SSI Claimsnet is exempt property under 26 U.S.C. §§ 6334(a)(1), 6334(a)(2), and (g). *See* Claim for Exemptions [D.E. 51 at 1]. 26 U.S.C. §§ 6334(a)(1) and (2) state the following:

> (a) Enumeration.--There shall be exempt from levy--
>
> (1) Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;
>
> (2) Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value.

*See* 26 U.S.C. §§ 6334(a)(1) & (2). Further, 26 U.S.C. § 6334(g) states the following:

(g) Inflation adjustment.–

(1) In general.--In the case of any calendar year beginning after 1999, each dollar amount referred to in paragraphs (2) and (3) of subsection (a) shall be increased by an amount equal to--
  (A) such dollar amount, multiplied by
  (B) the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting "calendar year 1998" for "calendar year 1992" in subparagraph (B) thereof.

(2) Rounding.--If any dollar amount after being increased under paragraph (1) is not a multiple of $10.00, such dollar amount shall be rounded to the nearest multiple of $10.00.

*See* 26 U.S.C. § 6334(g). Because these provisions are not applicable to the government's garnishment of Defendant's non-exempt disposable earnings, which is permissible under 28 U.S.C. § 3205(a), 18 U.S.C. § 3613(a) and 15 U.S.C. §§ 1672-73, Defendant's request should be denied.

## Conclusion

For the reasons stated above, the undersigned respectfully recommends that Defendant's Claim for Exemptions [D.E. 51] be DENIED.

**SO RECOMMENDED**, this _____ day of _____, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).